# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD CLOSSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06-CV-1124-DJS |
| JANIE DEAL, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard Closser for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate presently incarcerated at the Missouri Sexual Offender Treatment Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights. Plaintiff states that he asked defendant Deal (dietitian) to remove him from the special milkshakes that cause weight gain. He states that defendant Deal refused to grant his request and that the doctor said that whether he received the milkshakes was up to the dietitian. Plaintiff alleges that the milkshakes are endangering his health by causing him to gain weight.

**Discussion**

Prisons have an affirmative duty to provide their inmates with nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (citing *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985)). However, presuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *See Divers v. Department of Corr.,* 921 F.2d 191, 194 (8th Cir. 1990). "[A]bsent religious or medical[ly] peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated. . . ." *Maulding v. Peters,* 1995 WL 461914, *5 (N.D.Ill. 1995) (unpublished). A prisoner's "deliberate (non-religious) choice not to eat all the food presented to him does not implicate infringement of a constitutional right." *Id*.

2

Plaintiff does not allege that he is forced to drink the milkshakes, only that he would prefer that they not be provided to him. Furthermore, plaintiff does not allege that the diet is insufficient to maintain health. The mere provision of a milkshake does not implicate infringement of a constitutional right, nor does defendant Deal's failure or refusal to serve plaintiff with his preferred diet violate his constitutional rights. Plaintiff's claim fails to state a constitutional violation and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this  29th  day of August, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE